IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW WENTZ,

    Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY,

    Defendant.

Case No. 3:21-cv-00473-MO

OPINION & ORDER

MOSMAN, J.,

    This matter comes before me on Defendant Progressive Direct Insurance Company's Motion for Attorney Fees [ECF 18]. For the reasons set forth below, I GRANT in part and DENY in part Progressive's motion.

## BACKGROUND

    Plaintiff Matthew Wentz was injured in a hit-and-run in January 2020. Notice of Removal [ECF 1] Ex. 2 ¶¶ 7–8 (hereinafter "Compl."). He brings this case against his insurer, Progressive, alleging breach of contract and good faith. *Id.* ¶¶ 9–23. Progressive removed this case to federal court on the basis of diversity jurisdiction. Notice of Removal [ECF 1].

    In August 2021, Progressive filed a motion to compel. [ECF 9]. I granted the motion, finding Wentz had refused to provide basic discovery that Progressive had requested. Op. &

1 – OPINION & ORDER

Order [ECF 15] at 3. Furthermore, I found that Wentz's failure to participate in discovery was not "substantially justified" and that "Wentz must therefore pay Progressive for the costs it incurred in filing its Motion to Dismiss." *Id.* at 3–4. The parties now dispute the amount Wentz must pay.

In a diversity action, federal law governs procedural questions and state law governs substantive questions. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Because Progressive seeks attorney fees under the Federal Rules of Civil Procedure, federal law applies as to the question of whether attorney fees should be awarded here. *See Hanna v. Plumer*, 380 U.S. 460, 470–74 (1965) (the Federal Rules of Civil Procedure are presumptively procedural for *Erie* purposes). But because this is a diversity case and "state law on attorney's fees is substantive" for *Erie* purposes, Oregon law applies in determining the substance of those fees. *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 973 (9th Cir. 2013).

## DISCUSSION

Wentz raises five objections to Progressive's Motion for Attorney Fees: (1) its inclusion of attorney fees in addition to filing costs; (2) its inclusion of expenses made in preparing the motion and its reply; (3) that the attorney fees themselves are unreasonable; (4) its inclusion of time entries from matters unrelated to the motion to compel; (5) its inclusion of a cost multiplier. Resp. to Mot. for Attorney Fees [ECF 20]. I will address each objection in turn.

### I.   Inclusion of Attorney Fees

Wentz claims that an award of attorney fees is inappropriate here because my order stated that Wentz need only "pay Progressive for the costs it incurred in filing its Motion to Dismiss." Pl.'s Resp. to Def.'s Mot. for Attorney Fees [ECF 20] at 4 (quoting Op. & Order [ECF 15] at 4). Citing federal and state law, Wentz raises a distinction between costs and fees. Pl.'s Resp. to

Def.'s Mot. for Attorney Fees [ECF 20] at 4. Indeed, as legal terms of art, "fees" and "costs" are not interchangeable. *See* Or. R. Civ. Pro. 68(A) (defining "attorney fees" and "costs and disbursements" separately). However, in general use, "costs" often encompasses attorney fees. *See Marek v. Chesny*, 473 U.S. 1, 4 (1985) (describing costs as including attorney fees); *Family PAC v. Ferguson*, 745 F.3d 1261, 1264 (9th Cir. 2014) (same); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959 (9th Cir. 2007) (same).

Though my order was admittedly ambiguous, the Federal Rules of Civil Procedure are clear as to when attorney fees should be awarded for a motion to compel. Under Fed. R. Civ. Pro. 37(a)(5)(A), a district court "*must…require the party…whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.*" (emphasis added). Rule 37(a)(5)(A) provides three scenarios that prevent the court from ordering such a payment. Wentz argued that one of them applied: that a court cannot award expenses when the non-moving party's actions were "substantially justified." Pl.'s Resp. to Mot. to Compel [ECF 11]. I disagreed. Op. & Order [ECF 15] at 3–4. Because no exceptions applied, an award of expenses—including attorney fees—is mandatory. Accordingly, Progressive's inclusion of attorney fees in its motion is appropriate.

II.     **Inclusion of Expenses Incurred in Preparing the Instant Motion**

Next, Wentz claims that he need not pay the expenses, including attorney fees, that Progressive incurred in preparing the motion for attorney fees and its reply. Pl.'s Resp. to Def.'s Mot. for Attorney Fees [ECF 20] at 4–5. However, Oregon law clearly allows the recovery of fees for services provided in conjunction with the recovery of underlying fees. *Emerald People's Util. Dist. v. Pacificorp*, 801 P.2d 141, 143 (Or. Ct. App. 1990). Progressive's inclusion of such "fees-on-fees" is therefore proper.

### III. Reasonability of Attorney Fees

In his third objection, Wentz asserts Progressive's fees are unreasonable. Under Oregon law, an award of attorney fees must be reasonable based on factors outlined in ORS 20.075. *Alexander Mfg., Inc. Emp. Stock Ownership & Tr. v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1181–82 (D. Or. 2010). When award of attorney fees is mandatory, as is the case under Fed. R. Civ. Pro. 37(a), a court "must consider the factors set out in ORS 20.075 in determining the amount of the fees, but it does not have the discretion to award no fees at all." *Barber v. Green*, 273 P.3d 294, 299 (Or. Ct. App. 2012).

The reasonableness factors in ORS 20.075 are split into two sets. The first set looks at the reasonableness of the parties' conduct in the dispute now necessitating attorney fees. ORS 20.075(1). And the second looks at whether the amount of the attorney fee award is reasonable. ORS 20.075(2).

As to the first set of factors, I have already determined that Wentz's conduct in discovery was "not substantially justified." Accordingly, while I do not find Wentz acted in bad faith, I do find that he acted unreasonably in the occurrence giving rise to the motion to compel and in the subsequent litigation.

Wentz claims he was acting reasonably in discovery because his non-cooperation was based in a legitimate desire to keep his health information private. Resp. to Mot. for Attorney Fees [ECF 20] at 6. Though Wentz's desire to keep private health information unrelated to his claim may have been reasonable, his methods of safeguarding that information were not. By bringing a personal injury case to court, a plaintiff implicitly agrees to disclose health information related to the injuries for which he seeks to recover. Wentz could not have reasonably expected to keep his injuries private when he himself put those injuries in

controversy. Several alternatives would have allowed Wentz to protect irrelevant health information while still allowing discovery to proceed. He could have provided redacted medical records, written summaries, or negotiated a protective order would allow Progressive to meet its regulatory obligations while addressing his privacy concerns. *See* Op. & Order [ECF 15] at 3–4. But instead of taking these options, Wentz curbed discovery. I therefore find that an award of attorney fees is reasonable under ORS 20.075(1).

Because Progressive has presented a bill for attorney fees based on hourly rates, my inquiry as to the reasonableness of the amount charged boils down to two questions: (1) whether the rates charged by counsel for Progressive are reasonable; and (2) whether counsel for Progressive spent a reasonable amount of hours in litigating the motion to compel and the fee petition. *See* ORS 20.075(2)(a),(c),(g). Accepting that counsel for Progressive are "experienced and capable lawyers," Pl.'s Resp. to Def.'s Mot. for Attorney Fees [ECF 20] at 7, Wentz does not dispute that their hourly rates are reasonable. Instead, Wentz argues that, given their experience, counsel for Progressive should not have taken long in drafting the motion to compel. *Id.* at 7–8. I disagree with Wentz's contention that Progressive's motion to compel was "run-of-the-mill." *Id.* at 7. Instead, I find that it covered novel issues that would necessitate additional time to resolve. Specifically, counsel for Progressive had to review 11 state court cases that Wentz claimed supported his insistence on a protective order. *See* Pl.'s Resp. to Def.'s Mot. to Compel [ECF 11] at 5–7. Therefore, upon review of counsel's timesheets, Murray Decl. [ECF 19] Ex. 2; Murray Decl. [Ex. 22] Ex. 2, I find that counsel billed a reasonable amount of time on the motion to compel and subsequent motion for attorney fees under the ORS 20.075(2) factors, with the exception of specific entries explained below.

IV.     **Objection to Particular Items**

Wentz objects to three categories of time entries in Progressive's timesheets: (1) time billed for work on a proposed pre-trial order; (2) time for drafting a reply in support of its motion to compel; and (3) time billed for the drafting of the attorney fee petition. Resp. to Mot. for Attorney Fees [ECF 20] at 8. I will address each in turn.

A. **Time Billed for Work on a Pretrial Order**

A time entry for August 30, 2021 says that an attorney reviewed Wentz's "Proposed Pre-Trial Order." Murray Decl. [ECF 19] Ex. 2 at 4. This entry makes little sense because Wentz never proposed such an order. Resp. to Def.'s Mot. for Attorney Fees [ECF 20] at 8. Progressive failed to explain what it meant with such an item on reply. Reply to Pl.'s Resp. to Def.'s Mot. for Attorney Fees [ECF 21] at 12. Accordingly, I deduct this entry of $57 from Progressive's bill.

B. **Time Billed for Drafting a Reply to Motion to Compel**

Wentz argues that he should not have to pay for time that counsel for Progressive spent drafting a reply to his response to Progressive's motion to compel because replies to discovery motions are not permitted under Local Rule 26-3(c) without leave of the court. Resp. to Def.'s Mot. for Attorney Fees [ECF 20] at 8. I agree. Progressive filed its reply without leave to do so; Wentz need not pay for a reply filed in violation of the Local Rules. I therefore deduct the related time entries,[1] totaling $1,576.

C. **Time Billed for the Drafting of the Attorney Fee Petition**

As mentioned above, a party may recover fees for time billed in the drafting of an attorney fee petition. I decline to deduct these entries.

---

[1] These time entries are: 8/30/2021 for $396, 8/30/2021 for $414, 8/31/2021 for $378, 9/2/2021 for $198, 9/2/2021 for $171, and 9/3/2021 for $19. Murray Decl. [ECF 19] Ex. 2 at 4–6.

6 – OPINION & ORDER

V.  **Inclusion of a Multiplier**

Lastly, Wentz objects to Progressive's inclusion of a multiplier in its fee petition. Pl.'s Resp. to Def.'s Mot. for Attorney Fees [ECF 20] at 8–11. I agree. Though Wentz acted unreasonably in refusing to provide critical discovery, I do not find that this is the kind of "rare and exceptional circumstance[]" that warrants a multiplier. *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 665 (9th Cir. 2020) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546–52 (2010).

## CONCLUSION

For the reasons stated above, I GRANT in part and DENY in part Progressive's Motion for Attorney Fees [ECF 18]. I grant an award of $6000 in attorney fees.[2]

IT IS SO ORDERED.

DATED this ___ day of December, 2021.

MICHAEL W. MOSMAN
United States District Judge

---

[2] This includes the $6,850 from Progressive's first timesheet, Murray Decl. [ECF 19] Ex. 2 at 7, the $783 from Progressive's supplemental timesheet, Murray Decl. [ECF 22] Ex. 2, the $57 deduction for reviewing a "Proposed Pretrial Order," and the $1,576 deduction for the reply to the motion to compel.

7 – OPINION & ORDER